Dear Mr. Ratcliff:
You have recently requested our review of Section 7-07 of the Livingston Parish Home Rule Charter, providing:
Section 7-07
Administrative Boards Commissions
 A. This section pertains to boards and commissions created by ordinance or in accordance with general state law.
 B. The council and the president may appoint members to boards and commissions as provided in ordinances and general state laws creating such boards and commissions.
 C. No such board or commission shall have legislative authority.
 D. Members of all existing administrative boards and commissions shall complete their terms of office, except as may be provided by this charter or by action of the council.
 E. All meetings of administrative boards and commissions shall be open to the public in accordance with state law.
 F. The council may, by ordinance, create, consolidate, merge, abolish or reorganize any administrative boards or commissions in existence at the date this charter becomes effective or as may be created in the future. (Emphasis added).
You ask two questions in regard to the foregoing section, namely, (1) does Section 7-07 allow you as parish president to appoint board members to those boards and commissions authorized by statute or local ordinance, and (2) are local fire, recreation, and gravity drainage districts correctly defined as "boards and commissions" under Section 7-07?
In response to your first question, note that we have reviewed the entirety of the Livingston Parish Home Rule Charter and we have determined that it remains unclear as to the correct appointment procedures to be followed by the council and the president. We suggest that the Council designate by ordinance what relative powers and authority are given the council and parish president concerning all appointments to boards and commissioners. If this is not feasible it may be necessary to seek a judicial determination by way of a declaratory judgment.
In response to your second question, general state law does exist providing for the method and manner of appointment to the respective boards governing gravity drainage districts, recreation districts, and fire districts, as delineated in the following statutes:
Gravity Drainage Districts
§ 1759. Appointment and terms of commissioners
 The police jury organizing the drainage district shall appoint five commissioners in each district, two of the commissioners for the term of two years and three for the term of four years, and all selections or appointments thereafter shall be for the term of four years. The appointment of commissioners by the police jury shall be made upon the petition or recommendation of a majority in number of acres or a majority of the resident land owners in the district where the district contains forty or less land owners. Where more than forty land owners are embraced in the district, the appointment shall be made upon the recommendation or petition of twenty-five of the land owners of the district. Where there is a contest over the appointment of commissioners, the police jury shall give the appointment to those commissioners who are recommended by the land owners owning the greatest number of acres of land in the districts. In the absence of any petition or recommendation, the police jury may appoint commissioners in their discretion.
 Recreation Districts
§ 4562. Recreation districts, creation by parishes; corporate status, powers, domicile
 A. The police jury of any parish in the state is authorized and empowered upon its own initiative to form and create recreation district or districts by wards or otherwise and in so doing to divide a parish into one or more recreation districts, or by agreement with the police jury of any other parish to combine two or more parishes or parts thereof into a single recreation district with such name or names as said police jury or juries many designate, provided that no recreation district shall extend into the corporate limits of a municipality without the consent of its governing body. See LSA-R.S. 33:4562.
* * * * *
§ 4564. Board of commissioners; appointment and tenure; organization; secretary-treasurer; compensation
 A. Any recreation district created under the provisions of LSA-R.S. 33:4562 shall be governed by a board of five commissioners who shall be qualified voters and residents of the area covered by the district. The members of the board shall be appointed by the police jury of the parish or parishes involved and where one or more municipalities have, through their respective governing bodies, agreed to be included in the recreation district created by the police jury at least one of said members of the board shall be a qualified voter and resident of each municipality.
 The five commissioners initially appointed shall be appointed for terms of one, two, three, four and five years, respectively, and they shall serve until their successors shall have been appointed and qualified. All commissioners thereafter appointed at the expiration of such respective terms shall be appointed by the police jury or police juries for terms of five years. Any vacancy which otherwise occurs shall be filled by appointment of the police jury or police juries for the unexpired term. In making such appointments due regard shall be had for the requirement that the board of commissioners shall include at least one qualified voter and resident of each municipality which has been included in the district by consent of its governing authority. See LSA-R.S. 33:4564.
 Fire Protection Districts
§ 1492. Power to create; boundaries constitute state subdivisions for tax and bond purposes
 A. Parish governing authorities may create or enlarge fire protection districts in the manner and subject to the limitations and restrictions contained in this Part, . . . See LSA-R.S. 40:1492(A).
* * * * *
§ 1495. Governing body of district
 A. If no municipal corporation is included within the boundaries of a district comprising all or part of a single parish, the parish governing authority may be the governing body of the district or may appoint a board of commissioners to serve as the governing body for the district.
 B. (1) If a municipal corporation is included within the boundaries of a district, or if the boundaries of a district comprise all or part of two or more parishes, the governing body of the district shall consist of a board of commissioners of the district.
 (2) However, the parish governing authority may in its discretion continue to be the governing body of the district in those instances where a municipal corporation lying within the boundaries of the district created after the creation of the district and after 1970. See LSA-R.S. 40:1495.
* * * * *
§ 1496. Appointment of members of the board; term; vacancies
 A. The board of commissioners shall consist of five members.
 B. In the case of a district comprising all or part of a single parish, members shall be appointed as follows:
 (1) In the case where no municipality is included within the boundaries of a district lying within a single parish, the parish governing authority shall appoint the five members. The members so appointed shall elect the chairman of the board.
 (2) In the case where one municipality is included within the boundaries of a district lying within a single parish:
 (a) Two members shall be appointed by the parish governing authority.
 (b) Two members shall be appointed by the governing authority of the municipality; and
 (c) One shall be selected by the other four members and shall serve as chairman of the board.
 (3) In the case of where two municipalities are included within the boundaries of a district lying within a single parish:
 (a) The parish governing authority shall appoint two members.
 (b) The governing authority of each municipality shall appoint one member; and
 (c) One member shall be selected by the other four members and shall serve as chairman of the board.
 (4) In any case where three or more municipalities are included within the boundaries of a district lying within a single parish, the parish governing authority shall appoint two members and the governing authority of each municipality shall appoint one member notwithstanding the provisions of Subsection A herein. The members so appointed shall elect the chairman of the board . . . . See LSA-R.S. 40:1496.
We are aware that some of the foregoing statutes are incompatible with your existing form of government as Livingston Parish operates via a parish council and not a police jury. We include the law only to illustrate the problem.
Livingston Parish operates under a home rule charter adopted subsequent to the adoption of the 1974 Constitution. LSA-Const. Art. VI § 5 (E) (1974) is applicable and provides:
 (E) Structure and Organization; Powers; Functions.
 A home rule charter adopted under this Section shall provide the structure and organization, powers, and functions of the government of the local governmental subdivision, which may include the exercise of any power and performance of any function necessary, requisite, or proper for the management of its affairs, not denied by general law or inconsistent with this constitution.
A local governmental subdivision that acquires home rule powers subsequent to the adoption of the 1974 constitution is authorized to exercise such powers when necessary, requisite, or proper for the management of its affairs nor denied by general state law. As a home rule charter entity you are empowered to adopt your own appointment procedures with respect to the boards and commissions under consideration herein.
We hope the foregoing is helpful to you. Should you have further inquiries, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
cc: Honorable Scott Perilloux District Attorney
Date Received:
Date Released: November 19, 1997
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL